UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| STANLEY D. BROWN, JR., | : | CASE NO. 1:18-cv-02925 |
| | : | |
| Petitioner, | : | OPINION & ORDER |
| | : | [Resolving Doc. 1] |
| v. | : | |
| | : | |
| WARDEN CHAE HARRIS, | : | |
| | : | |
| Respondent. | : | |
| | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Petitioner Stanley D. Brown, Jr. serves a 7-year sentence for aiding and abetting rape.[1] Under 28 U.S.C. § 2254, Brown—through counsel—filed a habeas corpus petition.[2] After a referral,[3] Magistrate Judge Greenberg filed a Report and Recommendation. Judge Greenberg recommended this Court deny Brown's petition.[4] Petitioner objects to most of the Report and Recommendation.[5] Warden Harris responds.[6] This Court reviews the objected-to portions *de novo*.[7]

For the following reasons, the Court OVERRULES Petitioner's objections, ADOPTS the reasoning of the Report and Recommendation in part and the conclusions in full, and DENIES Brown's habeas corpus petition.

---

[1] Doc. 10-1 at 20.
[2] Doc. 1. Brown later filed an addendum to his petition for habeas corpus. Doc. 3.
[3] Local Rule 72.2.
[4] Doc. 17.
[5] Doc. 22.
[6] Doc. 23.
[7] 28 U.S.C. § 636(b)(1)(C).

Case No. 1:18-cv-02925
GWIN, J.

I. Background

An Ohio jury found Petitioner Brown guilty of aiding and abetting a rape that occurred in a Mansfield, Ohio motel. Brown then unsuccessfully challenged his conviction in a state direct appeal and in state collateral post-conviction actions.[8]

Now, Brown challenges his conviction in federal court under 28 U.S.C. § 2254. He raises two main arguments. First, in Grounds One and Two, Brown says that the trial court's exclusion of evidence about the victim's prior conduct violated his constitutional due process and Sixth Amendment rights. Second, Brown says he was denied due process as there was insufficient evidence for the jury to convict him.[9]

The Court addresses these habeas claims below.

II. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[10] controls federal courts' review of a state prisoner habeas corpus petition. Under AEDPA, federal courts consider only federal Constitutional or federal law claims.[11] Federal habeas courts do not review state law decisions.

Further, AEDPA prohibits federal courts from granting a habeas petition for any state court constitutional ruling unless the state court's decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of facts in light of the evidence presented in the State court proceeding.[12]

---

[8] Doc. 17 at 6–8.
[9] Doc. 15 at 10–16. Petitioner "explicitly waived" other grounds raised in his initial petition. *Id.* at 15 n.3.
[10] Pub. L. No. 104–132, 110 Stat. 1214 (1996).
[11] 28 U.S.C. § 2254(a).
[12] *See* 28 U.S.C. § 2254(d); *see also Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

Case No. 1:18-cv-02925
GWIN, J.

Before reviewing a habeas petition claim on the merits, federal courts generally consider whether the claim was procedurally defaulted in the state courts. If the state court enforced a state procedural rule and denied a claim for that reason, the claim is procedurally defaulted.[13]

Most often, procedural default results when a habeas petitioner does not raise a claim at each state court level.[14] Under Ohio *res judicata* rules, if a petitioner "failed to raise a claim on direct appeal, which could have been raised on direct appeal, the claim is procedurally defaulted."[15]

To overcome state procedural default, a habeas petitioner must show: (1) cause for the default and actual prejudice resulting from the alleged federal law violation, or (2) that there will be a fundamental miscarriage of justice if the court does not consider the claim.[16] "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm caused by the alleged constitutional violation.[17] If a petitioner fails to show cause for their procedural default, a court need not consider prejudice.[18] Finally, "a fundamental miscarriage of justice" is the conviction of one who is "actually innocent."[19]

III. Discussion

    A. Grounds One and Two

At trial, after an Ohio rape shield law hearing to determine the admissibility of certain evidence regarding the victim's prior sexual activity, the judge ruled that "no evidence may

---

[13] *Williams v. Anderson*, 460 F.3d 789, 805–06 (6th Cir. 2006).
[14] *Id.* at 806 (citing *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982)).
[15] *Id.*
[16] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 749–50 (1991)).
[17] *Castro v. Harris*, No. 1:18-CV-1167, 2018 WL 3829101, at *3 (N.D. Ohio Aug. 13, 2018).
[18] *See Smith v. Murray*, 477 U.S. 527, 532 (1986).
[19] *Lundgren*, 440 F.3d at 764 (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

Case No. 1:18-cv-02925
GWIN, J.

be presented [at trial] of the victim having venereal disease" and "no evidence may be presented of the victim being on a previous occasion at the hotel where the alleged incident occurred."[20]

On appeal to the Ohio Fifth Appellate District, Brown argued, in his first assignment of error, that the exclusion of this evidence violated his Sixth Amendment rights.[21] The appellate court considered and rejected this claim.[22]

Next, in an Ohio Supreme Court review petition, Brown challenged the constitutionality of excluding the evidence of the "victim's attendance at prior parties" but "did not contest [ . . . ] the ruling regarding venereal disease."[23] The Ohio Supreme Court declined to accept jurisdiction.[24]

As the Court explains below, the Sixth Amendment claim as it pertains to the victim's prior party attendance is properly considered on habeas review but the rest of Grounds One and Two are procedurally defaulted.

### i. Procedural Default

Brown's argument to this Court that the exclusion of evidence at trial violated his due process rights is procedurally defaulted. Brown did not raise this argument to the Ohio Fifth Appellate District court. Even if, as Brown contends, that he did present this argument to the Ohio Supreme Court, he earlier defaulted it in his direct appeal.[25]

---

[20] Doc. 10-1, Ex. 6.
[21] *Id.* at 77.
[22] *Id.* at 77–78.
[23] *Id.* at 95.
[24] *Id.*, Ex. 20.
[25] *See Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) ("[A] petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'").

- 4 -

Case No. 1:18-cv-02925
GWIN, J.

Brown further presents no arguments showing cause or prejudice in regard to his failure to bring the due process claim in the Ohio appellate court.  And while Brown did file a 26(B) motion alleging ineffective assistance of his intermediate appellate counsel, his 26(B) motion does not argue that the appellate counsel was ineffective for not brining the due process claim; it gave other reasons.[26]  Therefore, ineffective assistance of appellate counsel cannot excuse the procedural default.

### ii. Sixth Amendment Claim

Brown made the Sixth Amendment argument regarding the victim's prior visits to the motel to both the Ohio appellate court and the Ohio Supreme Court.  Since Brown has no further state remedies available and completed "one complete round of the State's established appellate review process,"[27] this Court reviews his Sixth Amendment claim with the appropriate AEDPA deference.

As the Report and Recommendation thoroughly explains,[28] in considering Brown's Sixth Amendment argument, the appellate court's application of a balancing test was not contrary to clearly established federal law.  In fact, the state court decision was "consistent with the requirement that state courts ensure the application of rules limiting cross-examination not be arbitrarily applied or 'disproportionate to the ends that ... [it is] asserted to promote.'"[29]

---

[26] Doc. 10-1, Ex. 22.
[27] *Clinkscale v. Carter*, 375 F.3d 430, 438 (6th Cir. 2004) (citations omitted).
[28] Doc. 17 at 20–26.
[29] *Battiste v. Miller*, No. 1:17-CV-128, 2019 WL 6221477, at *22 (N.D. Ohio July 8, 2019), report and recommendation adopted, No. 1:17 CV 128, 2019 WL 4385735 (N.D. Ohio Sept. 13, 2019) (citations omitted).

Case No. 1:18-cv-02925
GWIN, J.

Furthermore, even if an error had occurred, Brown cannot overcome the harmless error standard.[30]

### B. Ground Three

Brown argues that the state trial court violated his right to due process because, he says, there was insufficient evidence of his guilt.[31] He says that victim's testimony at trial did not identify him.[32] In particular, he notes that at trial, the victim was asked: "Do you know who pushed you?" The victim responded "No."[33]

#### i. Procedural Default

Brown procedurally defaulted this claim on direct review. The Supreme Court has determined that a failing to present a claim even on a discretionary appeal results in a procedural default.[34] Brown defaulted this sufficiency claim because he did not present the claim to the Ohio Supreme Court.[35]

#### ii. Cause and Prejudice

Brown argues that "his direct appellate counsel's failure to raise the sufficiency issue in the Ohio Supreme Court" provides cause.[36] But since he had no constitutional right to counsel at the Ohio Supreme Court, he cannot use an ineffective assistance of Ohio Supreme Court counsel claim to save the claim.[37] And the limited *Martinez-Trevino* exception does

---

[30] *McCarley v. Kelly*, 801 F.3d 652, 665 (6th Cir. 2015) (citations omitted) ("Confrontation Clause violation [must] have a 'substantial and injurious effect or influence in determining the jury's verdict' before it merits reversal on collateral review.").
[31] Doc. 15 at 15-17.
[32] *Id.*
[33] *Id.* at 15 (citing Doc. 11-1 at 229–34).[34] *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).
[34] *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).
[35] Doc. 10-1, Ex. 18.
[36] Doc. 22 at 18.
[37] *See McClain v. Kelly*, 631 F. App'x 422, 430 (6th Cir. 2015).

- 6 -

Case No. 1:18-cv-02925
GWIN, J.

not apply where, on direct review, an on-the-record claim was raised to the intermediate appellate court and then not raised to the state supreme court.[38]

Additionally, Brown's reliance on the Sixth Circuit's decision in *White v. Warden, Ross Corr. Inst.*[39] to excuse the default is not on point. That case only reaches ineffective assistance of counsel claims "based in part on evidence outside the record,"[40] which is plainly not at issue here.

### iii. Merits

Even if the procedural default could be excused, this claim is easily resolved on the merits.[41] On habeas review, the "[sufficiency] inquiry does not require a court to 'ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.' Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[42]

Here, the jury received evidence that Brown was present during the rape;[43] Brown was near the victim's head and likely on the bed;[44] and immediately after the rape,[45] Brown attempted to force the victim into oral sex on Brown.[46] The jury also received evidence that Brown's semen was on the victim's clothing.[47]

In light of this evidence, Brown's claim fails on the merits.

---

[38] *See generally Whitman v. Gray*, No. 5:19-CV-01818, 2021 WL 4078298, at *4 (N.D. Ohio Sept. 8, 2021) (discussing the *Martinez/Trevino* framework).
[39] 940 F.3d 270 (6th Cir. 2019).
[40] *Id.* at 277.
[41] *See generally Hale v. Shoop*, No. 1:18-CV-504, 2021 WL 1215793, at *18 (N.D. Ohio Mar. 31, 2021).
[42] *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979).
[43] Doc. 11-1 at 269.
[44] *Id.*
[45] *Id.*
[46] *Id.* at 269–70.
[47] Doc. 11-2 at 109–11.

Case No. 1:18-cv-02925
GWIN, J.

## IV. Conclusion

For the following reasons, the Court OVERRULES Petitioner's objections, ADOPTS the reasoning of the Report and Recommendation in part and the conclusions in full, and DENIES Brown's habeas corpus petition. The Court DECLINES to issue a certificate of appealability.[48]

IT IS SO ORDERED.

Dated: November 1, 2021            *s/     James S. Gwin*
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE

---

[48] 28 U.S.C. § 2253(c)(1)(A).